UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERRICK BENSON,

   Plaintiff,

   v.     CAUSE NO.: 3:18-CV-634-JD-MGG

DAVID GLADIEOX,

   Defendant.

OPINION AND ORDER

  Errick Benson, a prisoner without a lawyer, filed this lawsuit alleging he injured his head and back while he was a pre-trial detainee in the Allen County Jail when his foot slipped off a table as he was climbing out of his bunk. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

  Benson alleges his injury could have been prevented if the jail had not been so crowded and if there had not been a mobile, temporary bunk on the floor in his cell so it could house more inmates than it had been constructed to hold. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry

is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Here, Benson has not alleged facts from which an intent to punish can be plausibly inferred. Nevertheless, "in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466, 2473 (2015) (quoting *Bell*).

It is unfortunate Benson was hurt, but his allegations to not state a claim for a federal constitutional violation. "The Supreme Court has held that double-celling is not per se a constitutional violation. *Rhodes v. Chapman*, 452 U.S. 337, 347–50 (1981)." *Pyles v. Spiller*, 708 F. App'x 279, 282 (7th Cir. 2017) (parallel citations omitted). As such, providing additional bedding was rationally related to the jail's housing of inmates. Doing so was not excessive in relation to that purpose. Though the placement of the additional bunk was certainly less than ideal, "not every deviation from ideally safe conditions constitutes a violation of the constitution." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citation omitted.)

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because this complaint does not state a claim.

SO ORDERED on April 25, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT